*628 Ol’ISUON.
Ahundell:
The respondent not only concedes the correctness of the amounts of the claimed deductions, but admits that in case we hold the yacht to be a business facility of the Lock Co. the sums of $403.56 and $400 should be allowed as deductions for repairs to and exhaustion on the property, respectively. As to the $922.62 item, the contention is made that it is a capital expenditure and not a business expense.
We think it is clear that the yacht was acquired and used to promote the business activities of the Lock Co., rather than, as respondent contends, for the personal use of William G. Norris. The yacht was purchased with the intention of employing it to advertise *629 the business of the Lock Co. and entertain its customers. It -was so used until 1923, when, until repairs were made, the physical condition of the craft was such that it could not be employed. Orders were obtained occasionally after prospective customers had been entertained on the yacht, and in 1919 the Lock Co. was paid the sum of $2,520 as charter hire for the use of the yacht. The record does not disclose that William G. Norris ever used the yacht for strictly personal purposes. To take care of his personal needs for a boat, William G. Norris owned and used a much smaller craft. See E. E. Dickinson, 8 B. T. A. 722.
We are also of the opinion that the charge of $922.62 made by the Lake Union Dry Dock Co. for work done on the yacht is deductible as a business expense. The work consisted merely of replacing parts of the yacht which had become unserviceable through dry rot in order to place the boat in operating condition, and was not a betterment of such a character that the cost should be capitalized.

Decision will he entered under Rule 50.